**Opinion issued May 16, 2017**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-17-00281-CR**

———————————

**OSCAR EDWARD MEZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1363191**

---

## MEMORANDUM OPINION

Appellant, Oscar Edward Meza, pleaded guilty to the first-degree felony offense of fraudulent use of identifying information, with the agreed punishment recommendation that he receive eight years' confinement and that the State would

dismiss his other cases.[1] On July 12, 2013, in accordance with the terms of his plea bargain with the State, the trial court found appellant guilty and assessed his punishment at eight years' confinement.[2] Appellant did not file his pro se notice of appeal until April 6, 2017. The trial court appointed appellate counsel for appellant. We dismiss this appeal for want of jurisdiction.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, if the defendant has not filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed appellant's judgment of conviction on July 12, 2013, and imposed the sentence on that date. Appellant did not timely file a motion for new trial or an extension of time to file a notice of appeal, making his notice of appeal due by August 12, 2013. *See* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant's notice of appeal was not filed until April 6, 2017, more than three and one-half years

---

[1]     *See* TEX. PENAL CODE ANN. § 32.51(b)(1), (b-1)(1), (c)(4) (West 2013).

[2]     *See* TEX. PENAL CODE ANN. § 12.32(a) (West 2009).

after the judgment was signed.  Thus, under these circumstances, we can take no action other than to dismiss this appeal for want of jurisdiction.[3]  *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

Accordingly, we dismiss this appeal for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Massengale.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[3] Moreover, even if appellant had timely appealed, this appeal must be dismissed because the trial court's certification stated that this was a plea-bargained case and that he had no right of appeal.  *See* TEX. R. APP. P. 25.2(a)(2), (d).  The clerk's record, filed in this Court on April 24, 2017, supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

3